Thomas P. Pfender, Esq.
7137 Torresdale Ave
Philadelphia PA 19135
(215)333-1920
Attorney for Plaintiff
_____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MICHAEL VASSALLO | : | CIVIL ACTION |
| 814 WELTON STREET | : | |
| PHILADELPHIA PA 19114 | : | JURY TRIAL DEMANDED |
| | : | |
| v. | : | |
| | : | |
| PHILADELPHIA POLICE | : | |
| DET. MICHAEL FOX | : | |
| BADGE NO. 9053 | : | |
| 15TH DISTRICT-DETECTIVES | : | COMPLAINT |
| PHILADELPHIA PA 19149 | : | |
| | : | |
| and | : | NO. |
| | : | |
| CITY OF PHILADELPHIA | : | |
| ONE PARKWAY, 1515 ARCH ST. | : | |
| PHILADELPHIA PA 19135 | : | |
| Defendants | : | |

_____

COMPLAINT
JURISDICTION AND VENUE

1. This action arises under the 5th and 14th Amendments to the United States Constitution and the Civil Rights Acts of 1871, Title 42 of the U.S. Code, Section 1981, 1983, 1985(3), 1986 and 1988.

2. The United States District Court for the Eastern District of Pennsylvania has jurisdiction over this action pursuant to the Civil Rights Act, 42 U.S.C. 1981, 1983, 1985(3), 1986 and 1988.   28 U.S.C. 1331 and 28 U.S.C. 1391 (b) and principles of pendant jurisdiction.  This action arises out of violations of the Constitution and Statutes of the United States.

1

3.  Pursuant to 28 U.S.C. 1391(b), venue of this suit is proper in this District as the claim arose within the Eastern District of Pennsylvania.  The mount in controversy exceeds $100,000.00.

   **WHEREFORE,** Plaintiff demands judgement against all defendants jointly and severally for compensation and punitive damages, including attorney fees and cost of litigation

## <u>PARTIES</u>

4.  Michael Vassallo is a United States citizen residing at 814 Welton Street, Philadelphia, Pa., was a former and highly decorated Philadelphia Police Sargent, and at all times material hereto and on July 14, 2002 , was lawfully employed by Flat Spin American Grill and Dance Hall  Inc., working in the capacity of operations manager at the vicinity of 2750 Red Lion Road, Philadelphia PA.  On that date, time and location two separate fist fights broke out at that establishment not involving plaintiff, but who was subsequently caused to be arrested and charged by Philadelphia Police Detective Fox, who investigated the matter, with Aggravated Assault, Simple Assault, Reckless Endangerment of Another Person and Terroristic Threats in connection with one of the combatants of the fights.

5.  Defendant Philadelphia Police Detective Michael Fox is being sued in his individual capacity and as an agent, servant and employee of the City of Philadelphia, and at all times material hereto was the assigned detective in charge to investigate the altercation which occurred on July 14, 2002 at the location noted herein, plaintiff's place of employment.  Defendant Fox failed to conduct an adequate, objective, unprejudiced investigation, and relied on information which he knew or should have known was false, misleading,  malicious and deliberately ignored facts and information favorable to the Plaintiff in order to further a police conspiracy with others and policy practices against plaintiff, Michael Vassallo.   Defendant Fox caused a warrant of arrest to be issued against plaintiff, knowing that the information which the warrant was based was false, misleading, malicious, unreliable and unsupported by the facts and circumstances of the event on July 14, 2002 at plaintiff's place of employment.

2

6.  Defendant City of Philadelphia is a municipal corporation within the Commonwealth of Pennsylvania and at all time material hereto, was the employer of Defendant Fox as a police detective in its police department and was responsible hereto for the overall investigation, discipline, supervision and training and was ultimately responsible for departmental accountability of all the members of its police for including the above referred defendant.  Said defendant had policies, practices and customs which tacitly endorsed the Defendant's illegal conduct which included inter alia, utilizing knowingly misleading or false information to effectuate an arrest, in which an adequate investigation would have unveiled prior to the unlawful detention of Plaintiff, providing false statements and encouraging others to provide false statements to support an arrest, false arrest, malicious prosecution and discriminatory and retaliatory practices in the treatment of plaintiff, Michael Vassallo.

7.  At all times material hereto, and all the actions described herein, the Defendant Fox was acting under the color of law and under color of authority as law enforcement officer of the City of Philadelphia and he acted alone and/or in concert with others with the aim and purpose of depriving plaintiff of his Constitutional Civil Rights as well as his Privileges and Immunities and Equal Protection under the law.

8.  At all times material hereto and in all the actions described herein, the Defendant Fox and others unnamed were acting under the color of law and under color of authority as law enforcement officers of the City of Philadelphia and within their scope of employment.

   **WHEREFORE,** Plaintiff respectfully request judgment in his favor against defendants including attorney fees, cost of suit and punitive damages where appropriate.

### FACTS

9.  On or about July 14, 2002, at approximately 1:45 a.m., plaintiff was employed by Flat Spin American Grill and Dance Hall, located at 2750 Red Lion Road, Philadelphia PA, which is a night club, as an operations manager with duties that included general security in the club.

3

10.  On the date and time noted herein, an altercation/fight broke out between patrons in the night club, specifically Mr. Jeremy Patton an adult male attacked and assaulted Mr. Andrew Dymond, an adult male, during which time Andrew Dymond suffered severe injuries including cuts, severe bleeding and bruising requiring immediate emergency medical assistance at Frankford-Torresdale Hospital Emergency Room, located in Philadelphia.

11.  During the ensuing melee, plaintiff was able to assist  Mr. Andrew Dymond in breaking up the fight as well as assisting Dymond  in identifying his attacker, Jeremy Patton and as a result of the identification, plaintiff detained Mr. Patton and turned him over to Philadelphia Police who subsequently arrived upon the scene and arrested Mr. Patton on aggravated assault charges.

12.  At approximately the same time and location an unrelated altercation broke out with several patrons as a result of one patron, Anthony Mancano, assaulting two women in the bar, adult females Ms. Jana Eberly and Ms. Karen Duringo.   Immediately thereafter  two adult males, Peter Dash and Kevin Burce a.k.a. Kevin Parrot engaged in fighting with Anthony Mancano to prevent him from further assaulting Jana Eberly and Karen Duringo.  Immediately prior to assaulting the two women, Anthony Mancano engaged in his first fist fight of the night inside the bar with another adult male, Dominic Monaco after he threatened Monaco with a bullet to the head and told him he had direct ties to organized crime in Philadelphia.

13.  During this melee numerous employees of the night club interceded to break the fight up and ushered the crowd, which has swelled to over forty people, outside onto the patio area to better handle and break up the fight which had continued.

14.  Several individuals witnessed the fights that night including employees, patrons, victims of the altercations and Gwyn Campbell who was in the company of Andrew Dymond and his wife Christine, when Andrew Dymond was assaulted by Jeremy Patton.

15.  Detective Fox interviewed Gwyn Campbell on the day of the assault in the early morning

4

hours at the Northeast Detective Division along with Andrew Dymond and his wife Christine Evans Dymond, after he got out of the emergency room.   During the interview with Gwyn Campbell, Detective Fox showed her an old picture of Michael Vassallo, that he retrieved from Vassallo's Philadelphia Police employment files, when in 1996 Michael Vassallo wore a mustache.

16.  Detective Fox told Ms. Campbell during the interview that Michael Vassallo was a bad cop and that he had to be taken off the streets and that Vassallo was the one who assaulted Anthony Mancano, the individual who actually assaulted the two other females in the bar, Ms Karen Duringo and Jana Eberly.  Ms. Campbell advised that she did not she the individual identified in the photo and that she could not identify anyone who may have assaulted Anthony Mancano. Although Fox indicated in police paperwork form 75-49, that he went to the scene of the crime and checked for additional witnesses, no employees were ever interviewed, received a phone call from Detective Fox or had written communication to contact Detective Fox.

17.  Detective Fox also interviewed Andrew Dymond, approximately the same time, wherein, Dymond related to Fox that Jeremy Patton had severely beaten him requiring emergency room treatment.  Detective Fox then interviewed Patton, who was in police custody, and showed Patton a photo display of Vassallo and asked Patton to identify Vassallo as the aggressor in the Anthony Mancano fight at 6:20 a.m. on 7/14/2002 in exchange for a subsequent deal for Patton of lenient treatment in his criminal case.

18.  As a result of the first altercation Jeremy Patton was charged with aggravated assault, simple assault and related charges and a preliminary hearing was held to see if the charges warranted a trial.  At the preliminary hearing trial, Andrew Dymond testified that Jeremy Patton had severely beaten him but on cross examination Dymond  was impeached by the report prepared by and given to Detective Fox wherein it indicated that Dymond related to Fox that he was only punched one time.   Detective Fox knowing it to be false altered the statement of Dymond to aid Patton in defense of his case for helping to identify Vassallo as a combatant on 7/14/2002.  At the conclusion of the presentation of the prosecution's case, the Court remanded the matter to

Municipal Court for trial on the charge of Simple Assault only and the aggravated assault was dismissed based upon the report of Detective Fox indicating only one punch was thrown.

19. As a result of the aforementioned court action, Andrew Dymond, consulted with the assigned Assistant District Attorney in the case and complained that that was not what he reported to Detective Fox. Dymond was advised to speak to Detective Fox to see if he would amend his report. Although Dymond requested Fox to fix his report, Fox refused stating that Patton was now a prosecution witness against plaintiff Vassallo regarding the same bar fight and he would not amend his report to hurt Patton's criminal case.

20. In spite of his actions of assaulting at least five other people including two women on 7/14/2002, Anthony Mancano was never charged with a crime. Mancano was subsequently interviewed by Detective Fox and he informed him only that several bouncers had beaten him up for no reason. Detective Fox later showed Mancano the 1996 picture of Vassallo sporting a mustache and asked him to identify one of his attackers as Vassallo, because Mancano was too drunk to identify any attackers. At that time, Mancano was on parole for a conviction of two counts of aggravated assault and related gun charges from a shooting incident in Philadelphia wherein Mancano was found guilty and sentenced to six to ten years in prison on January 24, 1996.

21. Notwithstanding the aforementioned Michael Vassallo was arrested and charged with aggravated assault, simple assault, reckless endangerment of another person, and terroristic threats and conspiracy as a result of the investigation and intentional actions of Detective Michael Fox wherein it was alleged that Michael Vassallo assaulted Anthony Mancano to an extent and with the intent to cause serious bodily injuries.

22. In response to the charges on September 17, 2002 Vassallo appeared before Municipal Court Judge Felice Stack for a preliminary hearing on the matter. After the poor testimony of Anthony Mancano in the matter the charge of aggravated assault was dismissed and the case was remanded

to Municipal Court for Simple Assault and related misdemeanor conspiracy charges.  Mancano
was impeached in his testimony because he appeared at a line-up and gave a description of his
attacker as wearing a mustache consistent with the 1996 photo Fox showed Mancano earlier
helping him (Mancano) in identifying Vassallo as his attacker and also testified that Vassallo
admitted to Mancano that he broke his arm but admitted he failed to tell police any of that
information.   Later  Detective Fox continued to press the matter with the Philadelphia District
Attorney's Office and Vassallo was then re-arrested on the felony charge of aggravated assault
and related felony charges.

23.  Another Preliminary Hearing was conducted and held on December 20, 2002 before the
Honorable Joyce S. Kean.   At this hearing the prosecutor had filed a petition for a grant of
immunity to allow Jeremy Patton to testify against Michael Vassallo along with Anthony
Mancano.  Patton testified that he saw Vassallo assault Mancano but denied that he himself was
involved in any altercation or that he ever attacked Andrew Dymond.  In spite of this obvious
perjury the prosecution continued to pursue the matter against Vassallo.  Mancano then testified
and gave a very different version from the first preliminary hearing of the assault by Vassallo and
then denied that Vassallo admitted to him that he broke his arm, despite his earlier testimony
where he testified that Vassallo did tell him he broke his (Mancano's) arm.  After argument Judge
Kean held the matter for trial noting that the Commonwealth had met the burden of a prima fascia
case.

24.  Plaintiff was formally arraigned and the matter was heard on April 21, 2003 before the
Honorable Harold M. Kane, without a jury in the Criminal Justice Center, Philadelphia under
docket number Common Pleas 0301-0092.

25.  At the trial the prosecution presented the two combatants, Jeremy Patton, Anthony Mancano
and eye witness, Gwyn Campbell and Philadelphia Police Officer Woerst.  Jeremy Patton and
Anthony Mancano both testified that Vassallo assaulted Mancano but Gwyn Campbell only
testified that she saw several men in black shirts assaulting Mancano.  Woerst testified that she

saw Mancano's injuries and that he went to the hospital where Mancano indicated several bouncers of the club beat him.   When the prosecution rested, the Judge upon motion dismissed the charge of terroristic threats and let the matter continue to allow the defendant to present a defense.

26.  During the presentation of its numerous witnesses, Judge Kane discouraged the defendant's counsel Fred Perri, Esq.,  from presenting all of its fact witnesses as they amounted to approximately fourteen eyewitnesses and the evidence was becoming overwhelming clear to the Judge.  Judge Kane then heard argument and noted that the prosecution's witness, Gwyn Campbell, never identified Vassallo as doing anything, and further found both Mancano and Patton, "to be not credible" and further stated, "There is so much, so much here for a reasonable doubt, I can't even describe it, in my opinion" (J. Kane, trial transcript 3/21/03 p. 169.)

27.  Prior to the incident of July 14, 2002, Detective Fox attempted to enter the night club, Flat Spin American Grill and Dance Hall when he presented in a highly intoxicated state was belligerent and requested to enter the club without paying a cover charge after flashing his badge. Michael Vassallo, who never met Detective Fox before and was unaware that he was a Philadelphia Detective, told Detective Fox that he was a disgrace and a drunk and made him leave the establishment because of his belligerent and drunken behavior.

28.  Detective Fox identified himself as a police detective and advised Vassallo that he was not leaving.  Vassallo then escorted Fox off the property over protest and resistance.

29.  During this encounter, Fox threatened Vassallo with trouble and stated he would get back at him for physically throwing him off the premises of the bar as Fox was humiliated, insulted, very embarrassed, extremely hostile and threatening.  This threat was made in front of witnesses and Vassallo openly laughed at Fox's threat further infuriating Fox.

30.  At no time during the incident of July 14, 2002, did Michael Vassallo ever assault anyone,

especially Anthony Mancano or Jeremy Patton or ever admit to anyone that he struck or assaulted Anthony Mancano or Jeremy Patton.  Furthermore, at no time after 1996 did Plaintiff, Vassallo ever wear a mustache or facial hair, contrary to the line up form filled out by Mancano at Vassallo line up in Philadelphia.  The only action taken by Vassallo on 7/14/2003 was to protect patrons at his place of employment pursuant to his job duties.

31.  As a result of the earlier altercation between Defendant Fox and Plaintiff Vassallo, Fox used his position as a Philadelphia Detective to manipulate evidence and  witnesses to have Vassallo charged with the crime of aggravated assault and related charges.  Fox conspired with Patton and Mancano to punish Vassallo, and in exchang helped both, as Patton needed help with his criminal trial and Mancano was contemplating a lawsuit against the night club for the assault.

32.  Plaintiff continues to be denied equal protection under the law as subsequent to this incident on 12-21-02 plaintiff was working at his place of employment, Flat Spin American Grill and Dance Hall and was struck by a car driven by a patron fleeing from the club after a fight.  Despite a license plate, three eyewitnesses to the scene, a complainant and incident police forms 75-48 #02-8-60818 and 60819 noting an aggravated assault by motor vehicle,  that owner of the vehicle, Marc Melilli of 5101 Merganser Way, Bensalem Pa.,  was never sought by police as this matter would be investigated by the Northeast Detectives Division where Detective Fox is still employed. A follow up by plaintiff to police regarding the incident proved to be fruitless.

33.  As a result of defendants' abuse of their authority as well as the defendants unlawful, malicious, wanton actions taken towards the plaintiff, unwarranted unconstitutional behavior, and the failure to discharge their constitutional duties to protect the plaintiff, plaintiff was deprived of his Constitutional and Civil Rights to Due Process and Equal Protection under the laws in the violation of the 5th  and 14th Amendment of the Constitution of the United States and 42 U.S.C. Sections 1981, 1983, 1985(3) and 1986.

Wherefore, plaintiff demands judgement against all defendants jointly and severally for

compensation and punitive damages including both attorney fees and cost of litigation.

## COUNT 1

**Plaintiff Michael Vassallo v. Defendant Philadelphia Police Detective Michael Fox**
**UNLAWFUL DETENTION**
**(Civil Rights 42 U.S.C.A. sections 1981, 1983, 1985(3)**

34.  The plaintiff incorporates by reference the allegations contained in paragraphs 1-33 inclusive as if the same were fully set forth at length.

35.  At the aforesaid time and date or shortly thereafter, defendant Fox did cause to be detained Plaintiff based upon information which was or should have been known to be false, misleading and malicious.

36.  The conduct of defendant Fox was intended to culminate and did in fact result in such apprehension of plaintiff's person, forcing him to submit to defendant's custody and unreasonable interrogation, investigation, detention, arrest and harassment which caused the plaintiff mental and emotional anxiety and violated plaintiff's constitutional and civil rights.

37.  The deprivation of plaintiff's liberties was a reckless disregard of plaintiff's constitutional and civil rights, freedoms, interest and liberties.

38. As a result of the conduct by the defendants, plaintiff has been injured and damaged as described herein.

Wherefore, plaintiff demands judgment against all defendants jointly and severally for compensation and punitive damages including both attorney fees and cost of litigation.

## COUNT II

### Plaintiff Michael Vassallo v. Defendant Philadelphia Police Detective Michael Fox
### FALSE ARREST
### (Civil Rights 42 U.S.C.A. sections 1981, 1983, 1985(3)

39.  Plaintiff incorporates by reference all of the allegations of paragraphs 1 through 38 inclusive as if the same were fully set forth herein at length.

40.  At the aforesaid time and date defendants without an adequate investigation, warrant or probable cause and/or lawful basis for arrest, did arrest or caused Plaintiff to be arrested, charging him with among other things simple assault, aggravated assault, recklessly endangering another person and terroristic threats in violation of Plaintiff's Constitutional Rights Under the 5th and 14th Amendments of the Constitution of the United States and 42 U.S.C. Section 1981 et seq.

41.  The defendant knew or should have known that the information which served as the basis of the Plaintiff's arrest was false, misleading, malicious, and was contrived solely to punish Vassallo for an unrelated event and serve defendant Fox's personal vendetta against Vassallo.

42.  As a result of the defendant's concerted, unlawful and illegal conduct, plaintiff was subject to false arrest and imprisonment, depriving him of his liberty, freedom and rights in violation of the laws of the Constitution of the United States, the Civil Rights Statutes and the Commonwealth of Pennsylvania.

43.  The deprivation of Plaintiff's liberty was in reckless disregard to Plaintiff to Plaintiff's Constitutional and Civil Rights, freedoms, interest and liberties.

44.  As a direct and proximate result of the actions of the Defendant Fox, Plaintiff suffered intentional torts, was deprived of his civil liberty due process and equal protection rights, and has suffered humiliation, impairment of reputation, embarrassment, mental anguish and suffering,

physical injury and distress and emotional distress.

Wherefore, Plaintiff, Michael Vassallo respectfully request this Honorable Court to enter a judgement in his favor and against defendants individually, jointly and severally and that plaintiff be awarded (a) compensatory damages, (b) punitive damages c) attorney fees and cost, and such other appropriate relief as the Court deems necessary and proper.

## COUNT III

**Plaintiff Michael Vassallo v. Defendant Philadelphia Police Detective Michael Fox**
**MALICIOUS PROSECUTION**
**(Civil Rights 42 U.S.C.A. sections 1981, 1983, 1985(3)**

45.  Plaintiff incorporates by reference all the allegations of paragraphs 1 through 44 inclusive as if the same were fully set forth herein at length.

46.  Defendant Fox knowingly and maliciously caused and/or conspired with others to cause charges of simple assault, aggravated assault reckless endangering another person and terroristic threats to be brought against the Plaintiff knowing that there was no basis for probable cause to support an arrest or the filing of charges.

47.  Defendant Fox, knowingly and maliciously caused the said prosecution to be commenced against Plaintiff to conceal his own unlawful conduct and behavior and protect his status of being a Philadelphia Detective; said actions which violated Plaintiff's Constitutional and Civil Rights; further, Defendant Fox knowingly filed false documents at a time when it was apparent that he had engaged in illegal action and knowing the likelihood that it would aid in the malicious prosecution of Vassallo.

48.  As a result of this malicious prosecution committed by Defendant Fox, plaintiff was forced to sacrifice considerable time and expense to defend himself against criminal prosecution, causing

plaintiff to suffer great emotional pain, anguish and embarrassment, damage to his standard and reputation in the community and financial harm.

Wherefore, Plaintiff, Michael Vassallo respectfully request this Honorable Court to enter a judgement in his favor and against defendants individually, jointly and severally and that plaintiff be awarded (a) compensatory damages, (b) punitive damages c) attorney fees and cost, and such other appropriate relief as the Court deems necessary and proper.

## COUNT IV
**Plaintiff Michael Vassallo v. Defendant Philadelphia Police Detective Michael Fox**
**<u>INADEQUATE INVESTIGATION</u>**
**(<u>Civil Rights 42 U.S.C.A. sections 1981, 1983, 1985(3)</u>**

49.  Plaintiff incorporates by reference all the allegations of paragraphs 1 through 48 inclusive as if the same were fully set forth herein at length.

50.  Prior to the arrest of Plaintiff Michael Vassallo, Defendant Fox was responsible for conducting an investigation and making an objective and reasonable determination whether there existed probable cause of the arrest and further detention of the Plaintiff.

51.  Defendant Fox conducted said investigation in a bias and unreasonable manner designed solely to support Detective Fox's personal vendetta against Vassallo and encouraged witnesses to make statements knowingly false and intentionally misleading to further that end.

52.  Defendant Fox at all times material hereto was acting under color of state law and consistent with the policies, practices and customs of the Philadelphia Police Department in violation of Plaintiff's Constitutional and Civil Rights did;

    a.  Fail to conduct a fair, objective and impartial investigation to ascertain whether there was in fact probable cause to arrest Plaintiff;

b.  Fail to investigate and consider exculpatory evidence which would have confirmed that no probable cause existed to arrest Plaintiff;

c.  Selectively obtaining and/or recording facts and information designed to support Detective Fox's personal vendetta against Vassallo;

d.  Fail to utilize all means available to minimize the risk of error in making an arrest without probable cause; including but not limited to going to the scene of the crime and interviewing witnesses including numerous employees of the establishment.

e.  Fail to fairly and objectively evaluate the information and evidence in his possession prior to the arrest of Plaintiff;

f. Fail to consider facts and information favorable to Plaintiff or interview plaintiff.

g.  Conduct an investigation solely designed to further his personal vendetta against Vassallo

53.  These actions and failures of Defendant Fox amounted to deliberate indifference which was the direct and proximate cause of the violation of Plaintiff's Constitutional and Civil Rights.

54.  As a direct result of Defendant Fox's conduct, Plaintiff was subjected to criminal prosecution; financial loss; mental and emotional distress and other damages described herein.

Wherefore, Plaintiff, Michael Vassallo respectfully request this Honorable Court to enter a judgement in his favor and against defendants individually, jointly and severally and that plaintiff be awarded (a) compensatory damages, (b) punitive damages c) attorney fees and cost, and such other appropriate relief as the Court deems necessary and proper.

## COUNT V

**Plaintiff Michael Vassallo v. Defendant Philadelphia Police Detective Michael Fox and Defendant City of Philadelphia**

**"MONELL CLAIM"**

**(Civil Rights 42 U.S.C.A. section 1983)**

55.  Plaintiff incorporates by reference all the allegations of paragraphs 1 through 54 inclusive as if the same were fully set forth herein at length

56.  At all times material to plaintiff's claims herein, Defendant Michael Fox as well as other unnamed members of the City of Philadelphia Police Department were acting under color of state law and under the direction and control of the City of Philadelphia, Police Commissioner, Philadelphia Police Department other executive and supervisor officials of the City of Philadelphia.

57.  At all times material to this complaint, Defendants had in effect defacto policies, practices and customs that facilitated, encouraged supported and tacitly approved of the defendant Fox's action taken towards plaintiff, and said policies and practices and/or customs reveals a pattern of animus toward plaintiff and was a direct and proximate cause of the unconstitutional action against plaintiff.

58.  These policies, practices, and customs included, inter alia; the failure to properly supervise, discipline, investigate, train, counsel, otherwise control and/or make accountable police officers employed by the City of Philadelphia who brought false and malicious claims and/or provided false information in a police investigation.  Said failure amounted to deliberate indifference and was the direct and proximate cause of the violation of plaintiff's Constitutional Rights.  In addition, the defendants did;

      a) fail to have adequate policies in place to assure a fair, objective and reasonable police investigation by its Police Officers; especially when the actions of fellow officers were involved;

      b) fail to have and enforce clear, concise and appropriate policies and/or directives to address issues of officers accountability for properly and adequately investigating claims of police misconduct;

.     c) fail to properly investigate, evaluate, supervise and/or control and/or correct the

conduct of their police officers;

d) fail to properly investigate, evaluate, supervise and/or control and/or correct the conduct of their police officers who had history of complaints for acts of misconduct.

e) fail to exercise due care for the rights of the plaintiff and their safety under the circumstances;

f) fail to report acts of police misconduct; even after they knew or had reason to believe that the defendant engaged in unlawful conduct;

h) fail to utilize effective corrective measures and/or incentives to eradicate the inappropriate filing of false police reports against citizens;

i) fail to have adequate mechanism designed to investigate, identify, and remove officers who engage in illegal and unlawful conduct;

j) have a history supported by statistical data of not adequately investigating and disciplining their police officers for allegations of misconduct.

59. Defendant City of Philadelphia has a policy, practice and custom of failing to properly investigate, screen, supervise, discipline, control, counsel, train and/or otherwise correct police officers activity while engaged in making arrest valid or invalid; amounted to deliberate indifference, and was the direct and proximate cause of the violation of plaintiff's constitutional rights. The defendants' further had a policy, practice and custom which violated the plaintiff's constitutional rights in the following manner:

a) it allowed the unlawful and malicious harassment of plaintiff, citizens and residents who were acting in accordance with their constitutional statutory rights, privileges and immunities;

b) it allowed police officers to routinely file false unmeritious and groundless reports and charges against plaintiff and citizens and residents who were acting in accordance with their constitutional statutory rights, privileges and immunities; and to provide false testimony and reports in support of said charges;

c) it allowed the unlawful and malicious prosecution of plaintiff, citizens and residents based on false and misleading statements;

16

d) it allowed police officers to conspire to violate the rights, privileges and immunities guaranteed to plaintiff, citizens and residents by the Constitution and law of the United States and the laws of the Commonwealth of Pennsylvania; and otherwise, depriving citizens and residents of their Constitutional and Statutory Rights, Privileges and Immunities;

e) Defendant further had a policy, practice and custom which failed to investigate, instruct, counsel, supervise, discipline, train, correct and/or control officers who had a history or pattern of complaints for misconduct;

f) it allowed police officers to engage in prior and continuous acts which deprived citizens of their constitutional and civil rights, including false arrest, filing false reports and utilizing false statements in the prosecution of the Plaintiff and citizens;

g) it allowed police officers to ignore or not be concerned with negative implications from prior claims, complaints, lawsuits, and/or negative implications from prior claims, complaints, lawsuits, and/or verdicts where they were accused of and/or found to have violated another's constitutional and/or civil rights by its continuing failure to impose effective discipline.

h) it allowed police officers to ignore or not be concerned with negative implications from prior investigations for prior allegations, whether founded or unfounded that the officer violated citizens' constitutional and civil rights.

i) it allowed the inconsistent and inadequate investigation of citizens complaints of police abuse and misconduct.

j) it allowed investigators to routinely ignore or disregard evidence favorable to the Plaintiff when conducting investigations including ignoring plaintiff's witnesses

k) it failed to adequately evaluate the investigations of their investigator's history, i.e. Detective Fox's "batting average," and his discipline problems to assure they fairly and effectively performed their duties to address police misconduct;

60.  These failures amounted to deliberate indifference and was the direct and proximate cause of violations of plaintiff's Constitutional and Civil Rights.

61.  As a direct result of the City's policy, custom and practice of failing to adequately police the police and review the actions of officers and to take corrective measures against police officers/detectives who were accused of and/or violated citizen civil rights after it became apparent through the investigation and prosecution; claims and /or litigation process said policy amounted deliberate indifference and was the direct and proximate cause of the violation of plaintiff's constitutional civil rights in this instance.

62.  The defendants knew or had reason to know that Defendant Detective Fox frequently had committed acts substantially similar to those described in plaintiff's complaint and continued to engage in the same but it was the policy, practice and custom of the defendants not to diligently exercise their responsibilities to investigate, instruct, supervise, control, train, correct and/or discipline police officers on a continuing basis.  The defendants knew or should have known that said policy, practice and custom would deny plaintiff and citizens of their civil and constitutional rights in violations of their privileges and immunity and were likely to continue to take place as a result consequence.

63.  Defendants have the power to prevent or aid in the prevention of the commission of said wrongs, and could have done so with reasonable diligence, but were deliberately indifferent; grossly negligent, and/or reckless and refused to act in an appropriate and responsible manner to protect the rights of plaintiff and citizens of this Commonwealth and the United States.

64.  The defendants had authority and were required by its statute and ordinance of the Commonwealth of Pennsylvania and the City of Philadelphia to exercise due diligence to investigate, instruct, supervise, control, discipline, correct and train police detectives on a continuing basis, but intentionally, grossly negligent and/or recklessly failed to perform such duties as required by law and ordinance.  It was this police policy, custom and practice which was the direct and proximate cause of violation of plaintiff's constitutional civil rights.

65.  The result of the defendants' policy, custom and practice including the pattern and practices

of not properly re-training or correcting its police officers, when they had deprived individuals of their Constitutional and Civil Rights; created a policy, practice and/or custom which approved, ratified and/or tacitly endorsed, approved, and/or sanctioned the conduct of said police officers, including the defendants herein and in turn was the direct and proximate cause of the violation of plaintiff's Constitutional and Civil Rights which caused the plaintiff to suffer injury and legal expenses, severe mental anguish and emotional distress.  All of which were in connection with the deprivation of plaintiff's Constitutional Statutory Rights guaranteed by the 5th and 14th Amendments fo the Constitution of the United States and protected by Title 42 U.S.C. Sections 1983 and 1986.

WHEREFORE, Plaintiff, Michael Vassallo respectfully request this Honorable Court to enter a judgment in his favor and against the defendants individually, jointly and severely and that plaintiff be awarded a) compensatory damages b) punitive damages c) attorney fees d) expungement of his criminal arrest and such other appropriate relief as the Court deems necessary and proper.

## COUNT VI
### PLAINTIFF v. ALL DEFENDANTS
### COMMON LAW REMEDIES, DOCTRINE of PENDENT JURISDICTION

66.  Plaintiff incorporates by reference all the allegations of paragraphs 1 through 65 inclusive as if the same were fully set forth herein at length

67. Plaintiff brings this action for unlawful arrest, malicious prosecution, and for intentional torts under the State of Law of the Commonwealth of Pennsylvania and Ordinances of the City of Philadelphia and the Court has and should assume jurisdiction of this count for the following reasons:

a) the actions for violations of plaintiff's Rights as alleged in this complaint and rise under Sections 1981, 1983, 1985(3) and 1986 of Title 42 of the United State Code and

Jurisdiction as conferred by Sections 1331 and 1343 of Title 28 of the United States Code.

b) the action for unlawful arrest; malicious prosecution, and other State Tort which are alleged in this complaint and the action for violation of civil rights which is further alleged are based on the same operative facts.

c) judicial economy conveniences and fairness to all parties herein will result if the court assumes and exercises pendant jurisdiction of the action for state common law remedies alleged in this complaint.

68. At all times material to plaintiff's cause of action hereunder, Defendant Fox and other unnamed Philadelphia Police Officers were employed by defendant City of Philadelphia as members of its Police Department and acting in the course and scope of their authority as Police had caused to be arrested and detained Plaintiff without probable cause and further provided false and misleading information which led to his prosecution and dismissal from his employment as previously alleged, plaintiff sustained significant emotional and mental distress, incurred legal expenses and damage to his reputation in the community.

WHEREFORE, Plaintiff, Michael Vassallo respectfully request this Honorable Court to enter a judgment in his favor and against the defendants individually, jointly and severely and that plaintiff be awarded a) compensatory damages b) punitive damages c) attorney fees d) expungement of his criminal arrest and such other appropriate relief as the Court deems necessary and proper.

## COUNT VII
## PLAINTIFF MICHAEL VASSALLO v. DEFENDANT FOX
## AND CITY OF PHILADELPHIA
## FALSE ARREST

69. Plaintiff incorporates by reference all the allegations of paragraphs 1 through 68 inclusive as if the same were fully set forth herein at length

70.  At the aforesaid time and date, defendants without adequate investigation or probable cause and/or a lawful basis for arrest, did cause Plaintiff to be arrested, charging him with among other things Aggravated Assault, Simple Assault, Terroristic Threats, Conspiracy and Recklessly Endangering Another Person in violation of Plaintiff's State and Constitutional Rights under the 5th and 14th Amendment of the Constitution of the United States and 42 U.S.C.

71.  As a result of defendants concerted, unlawful and illegal conduct, plaintiff was subjected to false arrest and imprisonment, depriving him of his liberty, freedom and rights in violation of the laws of the Constitution of the United States, the Civil Statutes and the Commonwealth of Pennsylvania.

72.  The deprivation of Plaintiff's liberty was in reckless disregard to Plaintiff's Constitutional and Civil Rights, freedoms, interest and liberties.

73.  As a direct and proximate result of the conspiratorial actions of Defendants, Plaintiff suffered intentional torts, was deprived of his civil liberty, due process and equal protection under State Law and has suffered humiliation, impairment of reputation, embarrassment, mental anguish and suffering and distress.

WHEREFORE, Plaintiff, Michael Vassallo respectfully request this Honorable Court to enter a judgment in his favor and against the defendants individually, jointly and severely and that plaintiff be awarded a) compensatory damages b) punitive damages c) attorney fees d) expungement of his criminal arrest and such other appropriate relief as the Court deems necessary and proper.

## COUNT VIII

## PLAINTIFF MICHAEL VASSALLO v. DEFENDANT FOX AND CITY OF PHILA.
## <u>MALICIOUS PROSECUTION</u>

74.  Plaintiff incorporates by reference all the allegations of paragraphs 1 through 73 inclusive as if the same were fully set forth herein at length.

75.  Defendants knowingly and maliciously caused and/or conspired with others to cause charges of simple assault; aggravated assault; recklessly endangering another person and conspiracy to be brought against the Plaintiff knowing that there was no basis for probable cause to support an arrest or the filing of charges.

76.  Defendant Fox knowingly and maliciously caused the said prosecution to be commenced against Plaintiff to conceal his unlawful behavior and to get back at Plaintiff for a personal vendetta which violated Plaintiff's Constitutional and Civil Rights; further Defendant Fox knowingly gave a false report at a time when it was apparent that he had engaged in illegal conduct in an effort to convict Plaintiff of said charges.

77.  As a result of this malicious prosecution committed by Defendants, Plaintiff was forced to sacrifice considerable time and expense to defend criminal prosecution, causing Plaintiff to suffer great emotional pain, anguish and embarrassment, damage to his standard and reputation in the community and financial harm.

78.  Plaintiff was found not guilty of all charges against him immediately following the close of prosecution's argument without the defendant's counsel commenting on the evidence.

WHEREFORE, Plaintiff demands judgment against Defendants jointly and severally for compensation and punitive damages including both attorney fees and cost of litigation.

## COUNT IX

## PLAINTIFF MICHAEL VASSALLO v. DEFENDANT FOX
## PUNITIVE DAMAGES

79.  Plaintiff incorporates by reference all the allegations of paragraphs 1 through 78 inclusive as if the same were fully set forth herein at length.

80.  Plaintiff brings this action for punitive damages against the defendant and alleges the following in support thereof;

     a) the conduct and action of defendant and the violation of plaintiff's constitutional and civil rights was willful and/or malicious;

     b) the conduct and action of the defendant was an intentional act which was carried out in gross disregard of plaintiff's constitutional and civil rights;

     c) the action and conduct of defendant showed a reckless disregard by the defendant of whether or not his actions would give rise to violation of plaintiff's constitutional and civil rights.

81. As a consequence of the defendant's willful and malicious grossly negligent, reckless, and/or deliberate indifference behavior plaintiff suffered severe injuries and damages as previously alleged.

82.  Punitive Damages should be assessed for both Federal and State violations.

     WHEREFORE, plaintiff prays this Honorable Court to enter a judgment in his favor against the defendants and award punitive damages against the defendant.

## COUNT X

## DAMAGES

83.  Plaintiff incorporates by reference all the allegations of paragraphs 1 through 82 inclusive as if the same were fully set forth herein at length.

84.  Plaintiff sustained severe mental and emotional damages as a result of the unconstitutional action of the defendants including fear, apprehension and anxiety.

85.  Plaintiff sustained significant out of pocket expenses directly as a result of the aforementioned incident.

86.  Plaintiff suffered from deprivation of freedom and liberty and was subjected to malicious prosecution which created a permanent criminal arrest record.

## COUNT XI

## 42 U.S.C. SECTION 1988

## ATTORNEY FEES

87.  Plaintiff incorporates by reference all the allegations of paragraphs 1 through 86 inclusive as if the same were fully set forth herein at length.

88.  Pursuant to 42 U.S.C. section 1988, plaintiff request that the Court award and direct defendants to pay plaintiff reasonable attorney fees.

WHEREFORE, plaintiff demands judgment against defendants for compensatory, damages punitive damages and interest and attorney fees.

Respectfully submitted,

2/15/2004

_____

THOMAS P. PFENDER, ESQ.
7137 TORRESDALE AVE
PHILADELPHIA PA 19135
(215) 333-1920
ATTORNEY FOR PLAINTIFF